JAMES H. FAULKNER, Retired Justice.
Joe C. Mitchell was charged in 10 indictments with a total of 79 counts of securities fraud, in violation of §§ 8-6-3(a), 8-6-4, 8-6-17(2), and 8-6-17(3), Code of Alabama 1975. Prior to the commencement of trial in case number CC-88-7, Mitchell withdrew his not guilty pleas with respect to counts 3, 4, and 5 of the indictment in that case and entered a guilty plea to the three counts pursuant to a plea bargain agreement.[1] Under the terms of the plea bargain, the remaining counts against Mitchell under all 10 indictments were to be dismissed. Mitchell was sentenced to 10 years’ imprisonment on each of the 3 counts, with each sentence to be split so that Mitchell would serve 3 years’ imprisonment on each sentence and remain on probation until all fines, costs, and restitution were paid. The trial judge ordered the 3 split sentences to be served consecutively-
On appeal, Mitchell claims that the State and trial court failed to abide by their negotiated plea agreement with him and that his case should be remanded either for resentencing under the terms of the plea agreement or withdrawal of his guilty pleas.
The record reveals that, on December 4, 1989, prior to the entry of Mitchell’s guilty pleas, he, his attorneys, the special prosecutor, and the trial court discussed the plea bargain agreement:
“MR. SPEARS [defense counsel]: Your Honor, the agreement as I understand, and I’m sure Robert will correct me if I’m wrong, is that: In regard to document number or actually Case Number CC-88-7, Counts 3, 4 and 5, the indictment regarding Robert Lonier, the defendant will enter a plea of guilt to those three counts in exchange for a dismissal of all other charges currently pending in these present indictments against Mr. Mitchell, of course, with prejudice; that the court will determine and order restitution. And, of course, there will be a complete and lifetime bar upon Mr. Mitchell ever operating within the realm of sale or registration or in any other manner dealing with securities, that there will be a probation period—
“MR. BLAIR: Your Honor, we, of course, the State of Alabama, make no recommendation since he’s entering into a — since he’s pleading to three felonies, the State of Alabama makes no recommendation in regards to sentencing and leaves that up to you. We simply pray the court will sentence appropriately on three felonies.
“THE COURT: Does the State have any recommendations as far as restitution?
“MR. BLAIR: Your Honor, we recommend — we do not have an amount at this point. We would have to sit down and go back through and run it back up. We would simply ask that restitution be ordered as part of the sentence in this case.
“THE COURT: Would that be on all seventy-nine counts?
“MR. BLAIR: Yes, sir. Well, in all ten indictments. There’s only one amount under each indictment.
“THE COURT: One on each indictment.
“MR. BLAIR: Let me make note, that the Court — of course, as I have indicated to Mr. Mitchell and his attorneys, upon *999 entry of the plea to three counts, the State of Alabama will move to dismiss the remaining indictments and the remaining counts. I would, of course, since there is a period of time for appeal, forty-two days from final sentencing, I will file a formal motion as soon as all the appeal time has run. I’ll file that— I’ll make that known to the Court at this time.
“MR. SPEARS: That’s acceptable, Your Honor.”
According to defense counsel, prior to this on-the-record discussion, they engaged in an off-the-record conversation with the trial court and the special prosecutor with respect to the sentence that the court expected to impose upon Mitchell based upon the three guilty pleas. The court allegedly told defense counsel that its primary concern, other than restitution, was to see that Mitchell could never participate in the securities industry or in any particular securities offering in the future, and he stated that the plea agreement was satisfactory to the court. The trial court also allegedly stated that it would be inclined to grant Mitchell probation for five years on each count, but that to let Mitchell have a “taste” of prison life, he would sentence him to one or two weeks in the Bibb County Jail.
The trial court went over the three charges against Mitchell at the guilty plea hearing. The trial court advised Mitchell of the potential minimum and maximum sentences that he could receive. The court advised Mitchell of his constitutional rights and also informed him that his sentence would not necessarily be based on the pre-sentence investigative report.
At the guilty plea hearing, Mitchell stated to the court that no one had promised him a lighter sentence in exchange for his guilty pleas. The State also denied making any representations to Mitchell that he would receive a lighter sentence or probation if he pleaded guilty. The State, pursuant to the plea agreement, left the issue of sentencing strictly up to the court, and the court accepted Mitchell’s guilty pleas.
On March 20, 1990, at the sentencing hearing, the special prosecutor stated to the court that the State had no recommendation at this point as to the sentencing in this case and left the matter of sentencing up to the court. The prosecutor stated, however, that he wished to offer the testimony of Wuanita Kirby Massey to establish that Mitchell had breached the plea agreement by soliciting investors during the period following entry of his three guilty pleas. Defense counsel objected to this “surprise” witness on the ground that, pursuant to the terms of the plea bargain agreement, the State was required to stand mute at the sentencing hearing. The trial court overruled this objection.
Massey then testified that Mitchell had obtained her unlisted telephone number from Alta Atchinson, the mother of country music singer Barry Atchinson, and that Mitchell telephoned her on January 8, 1990. Massey testified that during this telephone conversation, Mitchell asked her if she would be interested in investing in the career of Barry Atchinson and if she could give him the names and telephone numbers of other people who might be potential investors. Massey declined to accept .his solicitations or provide him with the names of other potential investors. Massey further testified that during this conversation she asked Mitchell about his legal problems and that he replied that he had a plea bargain agreement in Bibb County wherein he had served two weeks of community service and had agreed not to sell any more bonds.
Mitchell then took the stand and denied that he had ever spoken to Massey regarding Barry Atchinson or any other promotional activities or investments. He further testified that since the entry of his three guilty pleas, he has had no direct relation with any type of securities offering.
Following argument by both parties, the trial court denied defense counsel’s motion for continuance and motion to strike the testimony of Massey, and the court imposed sentence. Mitchell subsequently filed a motion to withdraw his three guilty *1000 pleas based upon the prosecutor’s alleged violation of the plea agreement, which motion was denied. Mitchell’s motion to reconsider the court’s denial of his motion to withdraw the guilty pleas was also denied.
On appeal, Mitchell argues that the failure of the State to stand mute at the sentencing hearing in accordance with the plea agreement and the failure of the trial court to sentence Mitchell pursuant to the court’s off-the-record statements entitled Mitchell to specific performance of the plea agreement or, in the alternative, to withdrawal of his guilty pleas. We disagree.
The plea agreement between Mitchell and the State contained the following provisions: In exchange for Mitchell’s plea of guilty to counts 3, 4, and 5 of the indictment handed down in case number CC-88-7,1) there would be a complete and lifetime bar upon Mitchell ever engaging in any transaction within the realm of securities, including but not limited to the offer, sale, solicitation or registration of securities; 2) the trial court, pursuant to a valid hearing, would establish restitution; 3) the State would make no recommendation regarding Mitchell’s sentences; and 4) the State would dismiss with prejudice all remaining counts against Mitchell contained in the 10 indictments.
The special prosecutor did not breach the terms of the plea bargain in this case. The State agreed that it would not make a recommendation regarding Mitchell’s sentence and that it would dismiss all remaining charges in the indictments against Mitchell in exchange for 1) Mitchell’s plea of guilty to counts 3, 4, and 5 in said indictment, and 2) Mitchell’s promise to abstain from doing any more business in the securities field. At the sentencing hearing, the State upheld its part of the plea bargain by not making any recommendation to the trial court regarding Mitchell’s sentence.
Mitchell’s contention that the State’s agreement not to make any recommendation regarding sentencing is tantamount to the State’s remaining mute at the sentencing hearing is unfounded. In Orr v. State, 435 So.2d 182, 184 (Ala.Cr.App.1983), this court held that the prosecutor’s statement to the court at the sentencing hearing that the probation officer’s report summarized the feelings of the State did not breach the terms of the plea agreement wherein the State had agreed not to make a recommendation regarding sentencing. The State’s promise not to make a recommendation regarding a defendant’s sentence does not mean that the State is resolved to silence at the sentencing hearing. Hence, the State’s introduction of Massey’s testimony was not a violation of the plea bargain agreement since the State kept its promise and did not make a recommendation to the trial court regarding Mitchell’s sentence.
In point of fact, the testimony of Massey established that Mitchell, and not the State, violated the terms of the plea agreement by engaging in business activities from which he had promised to abstain. It is axiomatic that the State’s obligation to recommend a plea bargain agreement arises only if the defendant performs his obligations thereunder. See Kresler v. State, 462 So.2d 785, 788 (Ala.Cr.App.1984). The trial court’s off-the-record statements as to the length of Mitchell’s proposed sentences were clearly contingent upon Mitchell’s performance of his obligations under the plea agreement. In the affidavit accompanying Mitchell’s motion for reconsideration, defense counsel stated, under oath, that the trial court’s primary concern, other than restitution, was to see that Mitchell could never in the future participate in the securities industry or in any particular securities offering. Hence, the trial court acted properly in allowing the testimony of Massey and in denying Mitchell’s motion to withdraw his guilty pleas. Because, moreover, Mitchell’s violation of the plea agreement terminated the agreement, he is not now entitled to specific performance. See Hertz v. State, 445 So.2d 987, 988 (Ala.Cr.App.1984).
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Supreme Court Justice, and his opinion is hereby adopted as that of the court.
*1001 The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.

. Count 3 of the indictment handed down in case no. CC-88-7 charged Mitchell with offering and/or selling an investment contract entitled Southland, USA, Entertainment Pavilion, Joint Venture to Robert Lonier within Bibb County, which said security had not been registered and recorded in the register of the Alabama Securities Commission, in violation of § 8-6-4, Code of Alabama 1975.
Count 4 of the indictment charged Mitchell with offering and/or selling a promissory note to Robert Lonier within Bibb County, which said security had not been registered and recorded, in violation of § 8-6-4, Code of Alabama 1975.
Count 5 of the indictment charged Mitchell with misrepresenting to Robert Lonier as a material inducement to Lonier’s purchase of said investment contract described in count 3 that Mitchell would file and publish in Jefferson County a certificate of formation for the joint venture partnership, when in fact, such certificate was not filed, in violation of § 8-6-17(2), Code of Alabama 1975.