ON RETURN TO REMAND
Darryl Watkins, convicted in 1982 for the capital offense of murder committed during the course of a robbery and sentenced to death, appealed the circuit court's denial of his petition for post-conviction relief pursuant to Ala.R.Cr.P. Temp. 20 (Ala.R.Cr.P. 32). On original submission of that judgment for our review, we held that Watkins's appellate counsel should have moved to supplement the record when his conviction and sentence were before the Alabama Supreme Court with facts to support his argument that the prosecution used its peremptory strikes in violation of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). See Watkins v. State,632 So.2d 555 (Ala.Cr.App. 1992), cert. quashed, 632 So.2d 566
(Ala.), cert. denied, ___ U.S. ___, 114 S.Ct. 2153,128 L.Ed.2d 880 (1994). We remanded this case to the circuit court to hold a Batson hearing to determine whether the selection of the jury for Watkins's trial was marred by purposeful racial discrimination.
The circuit court has notified this court that the prosecutor and Watkins and his counsel have submitted for the circuit court's approval a proposed "Joint Motion and Agreement." That motion, which is unsigned, requests the circuit court to set aside Watkins's sentence of death and to resentence him to life imprisonment without the possibility of parole. In exchange, Watkins agrees to the following: (1) that he will acknowledge his guilt; (2) that this acknowledgement of guilt will be admissible in any future proceeding; (3) that he will never attack or appeal his capital conviction or his sentence; (4) that if his conviction or the sentence imposed pursuant to the agreement is ever set aside, the death sentence can be imposed as if it had never been set aside, and he waives any argument that he might have in regard to the reinstatement of the death sentence; (5) that he will withdraw and seek to have dismissed with prejudice all pending *Page 689 
post-judgment motions and/or petitions and will not appeal any denial or dismissal of any petition for post-conviction relief or attempt to reinstate his post-conviction motions or petitions for any reason, and he "acknowledges that such reinstatement or recommencement would be barred as a matter of law and would act to make this agreement voidable by the District Attorney"; and (6) that he is mentally competent to enter into this agreement and does so knowingly, intelligently, and voluntarily. Also as part of the agreement, Watkins's attorney agrees to state under oath his belief that Watkins understands all the terms of the agreement, that Watkins is entering into the agreement knowingly, intelligently, and voluntarily, and that in his professional judgment it is in Watkins's best interest to enter into the agreement. Each party asserts that "this agreement is in its best interest."
The circuit court now asks that we expand our original remand instructions to give the circuit court the authority to consider the proposed agreement described above. Our remand instructions are hereby enlarged to authorize and empower the circuit court to consider any agreements submitted by the parties and to take whatever action it deems warranted in the exercise of its discretion.
While we have enlarged the authority of the trial court on remand to consider any agreements submitted by the parties, we wish to make it clear that in doing so we have not considered or passed upon the legal effect of the proposed agreement, and our enlargement of the trial court's authority should not be considered as our approval or disapproval of the agreement.
In regard to several provisions of the agreement, we note that we have held that a defendant may waive his right to appeal as part of a negotiated plea agreement so long as he is fully advised of its implications and he voluntarily agrees to enter into the agreement. Gwin v. State, 456 So.2d 845
(Ala.Cr.App. 1984). See also United States v. Bushert,997 F.2d 1343, 1350 (11th Cir. 1993). For a thorough discussion of the law pertaining to negotiated plea agreements where a defendant expressly waives his right to a direct appeal or to collaterally attack his conviction or sentence to gain certain concessions from the state, see Kristine Cordier Karneziz, Annotation, Validity and Effect of Criminal Defendant's ExpressWaiver of Right to Appeal as Part of Negotiated Plea Agreement, 89 A.L.R.3d 864 (1979).
The circuit court is to take all actions necessary in sufficient time to permit the circuit clerk to file a proper return at the earliest possible time within 42 days of the release of this opinion.
OPINION EXTENDED; REMANDED WITH INSTRUCTIONS.
All Judges concur.