ON RETURN TO REMAND
On October 12, 1994, we extended our original opinion in this case to empower the trial court to consider a proposed joint motion and agreement between the appellant and the state, wherein the appellant agreed to admit his guilt of the capital offense charged in the indictment in open court and to waive certain of his rights in exchange for a reduction in his sentence from death to life imprisonment without the possibility of parole. Watkins v. State, 659 So.2d 688
(Ala.Cr.App. 1994). As a part of the agreement, the appellant agreed that in exchange for the reduction of sentence he would withdraw and agree to the dismissal all post-judgment motions and/or petitions and any appeals thereof that were pending. He also agreed that he would not further collaterally attack or appeal his conviction and that, upon resentencing by the trial court, he would not collaterally attack or appeal the sentence of life imprisonment without parole. On November 9, 1994, the trial court held a sentencing hearing in which it conducted a thorough colloquy with the appellant to ascertain that he was voluntarily, intelligently, and knowingly entering into the joint motion and agreement with a full understanding of the consequences of so doing. At the hearing, the appellant, who was represented by counsel, admitted his guilt of the capital crime charged in the indictment, murder committed during the course of a robbery, and acknowledged that he understood the consequences and the finality of the agreement. On January 13, 1995, the trial court entered its order approving the joint motion and agreement, setting aside the sentence of death, and resentencing the appellant to life imprisonment without the possibility of parole. The order states, in pertinent part, as follows:
 "The Prosecutor and Watkins and his counsel have submitted for the Court[']s approval a 'Joint Motion and Agreement' requesting that the sentence of death imposed in this case be set aside and the Defendant be resentenced to life imprisonment without possibility of parole.
 "After a hearing and a full colloquy with the Defendant, the Court finds that the Defendant has knowingly, intelligently and voluntarily entered into this agreement. All parties signed the Motion in open court. The 'Joint Motion and Agreement' is approved and the sentence of Death in this case is set aside and the Defendant is sentenced to a term of life imprisonment without possibility of parole."
Thus, the appeal of this case, having been rendered moot by the trial court's approval of the joint motion and agreement, and by the setting aside of the death penalty and the resentencing of the appellant to life imprisonment without the possibility of parole, is due to be dismissed.
DISMISSED.
McMILLAN, LONG and COBB, JJ., concur.
TAYLOR, P.J., dissents with opinion.