675 So.2d 69 (1995)
Rodney JONES
v.
STATE.
CR-94-1559.
Court of Criminal Appeals of Alabama.
September 8, 1995.
Rehearing Denied November 9, 1995.
Certiorari Denied February 23, 1996.
*70 Charles Hooper, Huntsville, for Appellant.
Jeff Sessions, Atty. Gen., and Lavette Lyas-Brown, Deputy Atty. Gen., for Appellee.
Alabama Supreme Court 1950348.
COBB, Judge.
The appellant was convicted in the District Court of Morgan County of driving under the influence of alcohol, a violation of § 32-5A-191(a)(2). He was sentenced to 58 days in jail, 56 of which were suspended for one year, was fined $600.00 dollars, and was ordered to pay court costs. The appellant contends on appeal that the Circuit Court of Morgan County erred in not granting his petition for a writ of mandamus, requesting that the district court be ordered to set appellant's appeal bond so that the appellant could proceed with his appeal for a trial de novo in circuit court.
On February 22, 1995, in the District Court of Morgan County the appellant entered into a negotiated plea agreement before specially appointed District Judge Jeanne W. Anderson of Limestone County, who presided over the proceedings in the absence of Morgan County District Judge David A. Bibb. Judge Anderson's handwritten notation on the judgment of conviction states that the appellant's "waiver of appeal" was an additional term of the plea agreement. C.R. 31.
On March 1, 1995, the appellant filed a notice of appeal in district court requesting a trial de novo in circuit court. "An appeal from the municipal or district court for trial de novo in circuit court shall be perfected by the timely filing of a written notice of appeal and the posting of bond." Rule 30.3, Ala. R.Crim.P. On March 7, 1995, Judge Bibb refused to set an appeal bond, stating that the "appellant waived his right of appeal in a negotiated plea agreement." C.R. 29. On March 27, 1995, the appellant filed a petition for a writ of mandamus asking the Circuit Court of Morgan County to order the district court to set an appeal bond so that the appellant could proceed with his appeal.
On May 3, 1995, Circuit Judge Steven E. Haddock denied the petition for mandamus, stating the following:
"When a Defendant is charged with a crime in the Circuit Court, he may waive his right to appeal as part of a negotiated plea agreement. Gwin v. State, 456 So.2d *71 845 (Ala.Cr.App.1984). There are no appellate decisions, however, which specifically hold that this same rule of law applies in the District Courts of this State.... This Court is unable to rationalize[, and the defendant has not offered,] any distinction between proceedings in the Circuit Court and District Court which is substantial enough to justify application of a different rule. Accordingly, the Court concludes that the Defendant, Rodney Jones, waived his right to appeal as part of a negotiated plea agreement made with the State in the District Court. No appeal bond having been set at or immediately following the District Court's entry of judgment, this Court will not now allow the Defendant to invoke its jurisdiction by ordering the District Court to set such a bond. To do otherwise would effectively reward the Defendant for his bad faith and misrepresentations to the State and the District Court when he entered his guilty plea."
C.R. 52.
"The right to appeal is by the grace of statute," Pettway v. State, 519 So.2d 548 (Ala.Civ.App.1987), and this court will not differentiate between a defendant's decision to waive this right as part of plea negotiation in district court or in circuit court. The district court had original jurisdiction to accept the appellant's plea agreement. Rule 2.2(b), Ala.R.Crim.P. ("All misdemeanors offenses (including an indictment charging a traffic infraction) shall be prosecuted originally in district court."). We agree with Judge Haddock's ruling that to allow a defendant to renege on his plea agreement "would effectively reward the Defendant for his bad faith and misrepresentations to the State and the District Court when he entered his guilty plea." "It is axiomatic that the State's obligation to recommend a plea bargain agreement arises only if the defendant performs his obligations thereunder. See Kresler v. State, 462 So.2d 785, 788 (Ala.Cr.App.1984)." Mitchell v. State, 574 So.2d 997 (Ala.Cr.App. 1990). In Ex parte Yarber v. State, 437 So.2d 1330 (Ala.1983), where the issue was stated as "[w]hether a defendant can compel the enforcement of a plea agreement, broken by the state, where he had not yet pleaded guilty or otherwise relied on the agreement to his disadvantage," the Alabama Supreme Court expounded principles applicable to any plea bargain agreement.
"`The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called "plea bargaining," is an essential component of the administration of justice....'
"`Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons....'
". . . .
"Negotiated pleas, thus, serve a valuable role in the criminal justice system. If the integrity of that role is to be maintained, certainty must prevail. The state need not enter into a plea agreement. It may chose not to do so, and proceed to trial on any case. The United States Supreme Court states there is no constitutional right to a negotiated plea. Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). However, once the state chooses to make an agreement, it should not be allowed to repudiate that agreement with impunity. State v. Brockman, 277 Md. 687, 357 A.2d 376 (1976) (cited with approval in Kisamore v. State, [286 Md. 654, 409 A.2d 719 (1980)])....
". . . .
"`To the defendant, a trial appears risky and unpredictable when compared with the plea bargaining process.'"
437 So.2d at 1334-36 (some citations omitted).
The above principles are as applicable to proceedings in district court as they are to proceedings in circuit court. Therefore, a defendant may waive his right to appeal to circuit court for a trial de novo as part of a negotiated plea agreement in district court. See Gwin v. State, 456 So.2d 845 (Ala.Cr. App.1984).
However, "a defendant may waive his right to appeal as part of a negotiated plea agreement so long as he is fully advised of its implications and he voluntarily agrees to enter into the agreement." Watkins v. State, 659 So.2d 688 (Ala.Cr.App.1994) (citing Gwin *72 v. State, 456 So.2d 845 (Ala.Cr.App.1984)) (emphasis added). Here, there are no facts in the record on appeal. The record does not contain the transcript of the proceedings in district court. It is the appellant's contention that because the record is silent and fails to show that the appellant knowingly and intelligently entered the guilty plea Judge Bibb cannot "reasonably infer that the Defendant had waived his right to an appeal and trial by jury (Rule 14.4, Ala.R.Cr.P.)," and thus refuse to set an appeal bond. Appellant's brief at page 11.
Rule 14.4(a), Ala.R.Crim.P., does not require a colloquy between the trial judge and the defendant in minor misdemeanor cases if a form similar to Form 68, Ala. R.Crim.P. is executed. This form is entitled "Explanation of Rights and Plea of Guilty (Misdemeanors and Municipal Ordinance Violation)." However, Rule 14.4(d), Ala. R.Crim.P., states that a trial judge may comply with the requirements of Rule 14.4(a) by determining from personal colloquy that a defendant understands his rights as explained in Form 68. Here, Judge Anderson's judgment of conviction for DUI reflects that the appellant:
"appears with [an] attorney. [The appellant was] advised of the nature and elements of the charge; the range of punishments for the offense; his right to counsel; his right to trial with the attendant rights to adequate notice, counsel, confrontation, cross-examination, compulsory attendance of witnesses, the presumption of innocence until proven guilty beyond a reasonable doubt, and to assert his privilege against self-incrimination; his right of appeal; and says that he understands all of these."
CR. 31.
"[T]here is a presumption of reliability which attaches to the recital in a judgment entry and we do not think that ordinarily that presumption can be overcome by the mere statement of a petitioner that the judgment entry is incorrect." Howard v. State, 280 Ala. 430, 433, 194 So.2d 834 (1967). "Where no transcript of the proceedings below is contained in the record on appeal, this Court presumes that the judgment of the trial court on an issue of fact is supported by the evidence." Waltman v. State, 588 So.2d 936 (Ala.Cr.App.1991).
Additionally, the appellant's direct appeal to this court must fail because he made no attempt to withdraw his guilty plea in the district court, but instead petitioned the circuit court for mandamus review of the district court's refusal to set an appeal bond. Issues concerning the voluntariness of a guilty plea must first be presented to the trial court or they are waived on appeal. Anderson v. State, 668 So.2d 159 (Ala.Cr. App.1995); Accord Cantu v. State, 660 So.2d 1026 (Ala.1994).
The circuit court correctly denied the appellant's petition for mandamus.
AFFIRMED.
PATTERSON, McMILLAN, and LONG, JJ., concur.
TAYLOR, P.J., concurs in result only, with opinion.
TAYLOR, Presiding Judge, concurring in result only.
The facts in this case are so unclear that it is not a good case to use as a precedent. However, I have previously pointed out that the right to appeal a conviction to a higher court is a constitutional right that cannot be bargained away by a citizen. See dissenting opinions in McLaughlin v. State, 662 So.2d 1234 (Ala.Cr.App.1995); Watkins v. State, 659 So.2d 689 (Ala.Cr.App.1995); Lynn v. State, 629 So.2d 89 (Ala.Cr.App.1993).