PER CURIAM.
The appellant, Leon Readshaw Moffett, appeals the circuit court’s dismissal of his de novo appeal from his conviction in the Mobile County District Court for harassment. Moffett was initially convicted in the district court for sexual abuse in the second degree. Before he was sentenced, Moffett reached an agreement with the State to plead guilty to the lesser charge of harassment.- Moffett then filed a notice of appeal in the circuit court for a trial de novo. The State moved that the de novo appeal be dismissed because Moffett had agreed not to appeal his conviction de novo to circuit court. The trial court held a hearing on the motion, determined that Moffett had waived his right to appeal, and dismissed the de novo appeal. This appeal followed.
We have previously held in Jones v. State, 675 So.2d 69 (Ala.Crim.App.1995), that a defendant may waive his right to file a de novo appeal from a district court’s ruling. In Jones, we stated:
“ ‘The right to appeal is by the grace of statute,’ Pettway v. State, 519 So.2d 548 (Ala.Civ.App.1987), and this court will not differentiate between a defendant’s decision to waive this right as part of plea negotiation in district court or in circuit court....
[[Image here]]
“... [A] defendant may waive his right to appeal to circuit court for a trial de novo as part of a negotiated plea agreement in district court. See Gwin v. State, 456 So.2d 845 (Ala.Cr.App.1984).”
675 So.2d at 71.
Moffett argues on appeal that his waiver of the right to appeal to the circuit court was not voluntary. He also argues that even if his plea was voluntary, the State violated the terms of his agreement, and that, therefore, he was not bound by the agreement.
*91 Here, the plea was entered in the district court — a court that is not a court of record. We have no copy in the record of the plea colloquy or the plea agreement. However, there is a copy of the case action summary sheet completed by the district court. The case action summary indicates that Moffett did not file any post-plea motion challenging the voluntariness of his plea. As we recently stated in Watson v. State, 808 So.2d 77 (Ala.Crim.App.2001), before a reviewing court can consider the voluntariness of a plea waiving the right to appeal that issue must first be presented to the trial court. Moffett never attacked the voluntariness of the plea in the district court. As we stated in Watson:
“Because a plea waives all nonjurisdic-tional defects and because it is a longstanding principle that an appellate court cannot consider the issue of the voluntariness of a plea unless that issue is preserved by proper objection, we will consider the issue of the voluntariness of the waiver of the right to appeal only if that issue is properly presented to the trial court, either by way of a motion to withdraw the plea or a motion for new trial.”
Watson, 808 So.2d at 81.
The problem presented in this case is that the documents completed by the district court do not indicate that Moffett waived his right to appeal as part of his negotiated plea agreement. The judgment entry states the following:
“By agreement the finding of guilty is set aside. State’s motion to amend charge to harassment is granted by agreement. Defendant pleaded guilty and is sentenced to 90 days suspended with one year of formal probation. Defendant to pay costs, avoid violations of the law, seek anger management counseling, and evaluation re counseling regarding matters alleged in the affidavit. Defendant and attorney to confer with counselor.”
We stated in Jones v. State, 675 So.2d 69 (Ala.Crim.App.1995), that a presumption of reliability attaches to a judgment entry. We relied on the Alabama Supreme Court case of Howard v. State, 280 Ala. 430, 194 So.2d 834 (1967), for that proposition. In Howard, the Supreme Court noted that the presumption of reliability could be “overcome.” That presumption was overcome in this case. The trial court made the following findings when addressing this issue:
“All right. I find that the Jones v. State case does not — does not make a conclusive disposition of an appeal based upon the district court written entries. The Jones case says there is a presumption of reliability which attaches to the recital in a judgment entry. A presumption of reliability. We do not think, it says, that ordinarily that presumption can be overcome by the mere statement of a petitioner that the judgment entry is incorrect.
“To me that [implies] that there is— there are circumstances whereupon the judgment recitals in district court may be overcome.
“Now applying that to this case, I find that the setting aside of a conviction for sexual abuse second degree and entry of a lesser offense of harassment is a powerful consideration for the Defendant to make a number of agreements. The testimony of Mr. Phillips, his retained attorney, today — the testimony today was that back in September 2000 a number of points relative to disposition were discussed and agreed to between the district attorney and Mr. Phillips — including the type of probation; the nonpayment of a fíne; the payment of costs; the completion of an anger-management course; of course, the amendment of the charge to something less; and, it has *92 been testified to, the waiver of the right to appeal.
“Mr. Phillips testified that he consulted with his client about those potential elements of disposition and eventually there was a disposition made based upon all of those elements except the judgment entry does not show a waiver of appeal.
“But I think that the evidence is sufficient to show that the waiver of appeal was one of those elements. And that, given the fact that Mr. Phillips represented his client at that time, and testified that he consulted with the client, that raises to me an inference that the client was advised of the details of the negotiation and anticipated disposition, and agreed to that.”
(R. 28-30). At the hearing Moffett’s attorney testified that Moffett had waived his right to appeal as part of his negotiated plea agreement.
Because there are no issues properly before this Court, this appeal is due to be, and is hereby, dismissed.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ„ concur.