MeMILLAN, Presiding Judge.
The appellant, Larry Pate, filed a Rule 32, Ala. R. Crim. P., petition, in which he challenged his May 7, 2001, conviction for the unlawful distribution of a controlled substance.[1] Pate pleaded guilty, and the trial court sentenced him to 15 years’ imprisonment. The court split Pate’s 15-year sentence and ordered him to serve 2 years in confinement, followed by 5 years on probation. The court also imposed two five-year enhancements, pursuant §§ 13A-12-250 and -270, Ala.Code 1975. In his Rule 32 petition, Pate contended that the sentence enhancements should not have been applied because he was acting as a buyer’s agent. The trial court summarily denied the petition, finding, in pertinent part, that Pate’s claim that he was a buyer’s agent was refuted by his own signed statement and supplemental motion, and that Pate also had admitted the facts underlying the sentence enhancements.
Pate’s sole claim on appeal is that the trial court should not have applied the schoolyard and housing-project enhancements because they apply to sales of controlled substances and he was, he says, a buyer’s agent.[2] However, Pate specifically waived the right to appeal his sentence as part of his written plea agreement. A defendant may, as a part of a negotiated plea agreement, agree to waive his right to appeal, so long as he is fully advised of its implications and he voluntarily agrees to enter the agreement. Watkins v. State, 659 So.2d 688 (Ala.Crim.App.1994).
Pate’s written plea agreement stated that “he w[ould] not attack said guilty plea in any way, directly or collaterally, including but not limited to, appeal, coram nobis and habeas corpus.” The agreement fully set out the terms of Pate’s sentence, including both sentence enhancements and the accompanying explanation of rights fully detailed the implications of the guilty plea. The appellant does not contend that his guilty plea was involuntary or unknowing in any way.
Summary disposition of a Rule 32 petition is proper if, among other things, no material issue of fact or law would entitle the petitioner to relief. Rule 32.7(d), Ala. R. Crim. P. Findings of fact are not required unless an evidentiary hearing is held. See Rule 32.9, Ala. R. Crim. P. Here, the trial court’s summary denial was proper, even though it was based upon different grounds. When the trial court is correct for any reason, its judgment is due to be affirmed on appeal. Bighames v. State, 440 So.2d 1231 (Ala.Crim.App.1983).
Although the trial court’s summary denial of Pate’s petition was proper, a review of the record reveals that the sentence imposed by the court was illegal. “Matters concerning unauthorized sentences are jurisdictional.” Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994). *3 Therefore, this court may take notice of an illegal sentence at any time.
Pate was sentenced to 15 years’ imprisonment, enhanced by an additional 5 years’ imprisonment pursuant to § 13A-12-250, and an additional 5 years’ imprisonment pursuant to § 13A-12-270. “This Court has consistently treated sentences imposed pursuant to §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, as enhancements to a base sentence and, thus, as part of a single aggregate sentence for an offense.” State v. Corley, 831 So.2d 59, 61 (Ala.Crim.App.2001). Therefore, Pate’s sentence was a single sentence of 25 years’ imprisonment. Because the sentence was over 20 years’ imprisonment, no portion of the sentence could be suspended pursuant to the Split Sentence Act, § 15-18-8, Ala. Code 1975.
The record indicates that Pate’s original sentence was a part of his plea agreement with the State. Resentencing would be a rejection of the plea agreement. “The law is clear: if a trial court refuses to abide by the terms of a plea agreement, it must grant the defendant’s timely motion to withdraw the guilty plea.” Taylor v. State, 677 So.2d 1284, 1285 (Ala.Crim.App.1996). The trial court could not accept a plea agreement that called for an illegal sentence. Therefore, the court should allow Pate to withdraw his guilty plea if he so requests.
For the foregoing reasons, we remand this case for the trial court to conduct another sentencing hearing. At the hearing, the court should allow Pate an opportunity to withdraw his guilty plea. Due return should be filed with this court within 42 days of the release of this opinion. The return should include a transcript of the proceedings conducted on remand.
AFFIRMED AS TO CONVICTION; REMANDED WITH DIRECTIONS AS TO SENTENCE. 
COBB, BASCHAB, and SHAW, JJ„ concur. WISE, J., concurs in the result.

. Pate filed numerous petitions and amendments, challenging the 2001 conviction and a June 19, 2000, conviction of robbery in the second degree. He subsequently moved to separate the claims related to the two convictions and then abandoned all claims related to the controlled-substance conviction except the present one.

. The State has asked this court not to consider Pate's claim because his brief was not served on the State. We have addressed the claim because the alleged error cannot be verified from the record.