STUART, Justice
(concurring specially).
The amendments to Rules 2.2(e), 14.4(a)(l)(viii), and 26.9(b)(4), Ala. R.Crim. P., did not effectively abrogate a criminal defendant’s statutory right to appeal a district court’s judgment to the circuit court *149 for a trial de novo, nor did the amendments affect the jurisdiction of the circuit court. In light of the language limiting issues that may be appealed and the type of review that may be conducted in the circuit court, the amendments to the rules clearly address pleas of guilty entered in the circuit court, not in the district court or the municipal court.
Rule 30.1, Ala. R.Crim. P., specifically provides that “[a] defendant convicted of an offense in municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of judgment or the denial of a timely filed post-judgement motion, to the circuit court for a trial de novo.” Rule 30.1, Ala. R.Crim. P., does not differentiate between a conviction from a bench trial or a conviction from a voluntary plea of guilty. Therefore, the Rules of Criminal Procedure clearly provide that a defendant who pleads guilty in a municipal or a district court has a right to appeal the judgment for a trial de novo in the circuit court.
The right to appeal for a trial de novo in the circuit court, however, is waivable:
“It is well settled that a defendant may, as part of a negotiated plea agreement, agree to waive his right to appeal ‘so long as he is fully advised on its implications and he voluntarily agrees to enter into the agreement.’ Watkins v. State, 659 So.2d 688, 689 (Ala.Crim.App.1994).... ‘[A] colloquy with the defendant that reflects that he or she was informed of the right to appeal and that he or she chose to waive this right is sufficient to show a valid and enforceable waiver.’ Watson [v. State,] 808 So.2d [77,] 80 [(Ala.Crim.App.2001)]. In addition, just like a challenge to the voluntariness of a guilty plea, the issue of the voluntariness of a waiver of the right to appeal will be reviewed on direct appeal if it is first presented to the trial court.”
Boglin v. State, 840 So.2d 926, 929 (Ala. Crim.App.2002). Moreover,
“ ‘[t]he right to appeal is by the grace of statute,’ Pettway v. State, 519 So.2d 548 (Ala.Civ.App.1987), and this court will not differentiate between a defendant’s decision to waive this right as part of plea negotiation in district court or in circuit court....
[[Image here]]
“... [A] defendant may waive his right to appeal to circuit court for a trial de novo as part of a negotiated plea agreement in district court. See Gwin v. State, 456 So.2d 845 (Ala.Cr.App.1984).”
Jones v. State, 675 So.2d 69, 71 (Ala.Crim. App.1995).
Thus, the law in this State provides that a defendant entering a guilty plea in the district or the municipal court can voluntarily waive his right to appeal from a guilty-plea conviction for a trial de novo in the circuit court as part of a negotiated plea agreement. A voluntary waiver of the right for a trial de novo in the circuit court does not impugn or modify the jurisdiction of the circuit court. Moreover, the 2002 amendments to the Rules of Criminal Procedure did not negate the enforcement of such a voluntary waiver.
My review of the materials before this Court does not indicate whether Sorsby voluntarily waived his right to appeal for a trial de novo in the circuit court as part of a negotiated plea. If he did waive the right to appeal as part of a negotiated plea and the district court determined that his waiver was voluntary, Sorsby has waived this right and the circuit court should dismiss his appeal. If Sorsby did not voluntarily waive this right as part of a negotiat *150 ed plea, then Sorsby is entitled to a trial de novo in the circuit court.
SMITH, J., concurs.