On Remand from the Alabama Supreme Court
Stanley Stephens was convicted of capital murder in connection with the stabbing deaths of Annie Lamb Stephens and Nicholas Lance Stephens. The offense was made capital because the two murders were committed "by one act or pursuant to one scheme or course of conduct." See § 13A-5-40(a)(10), Ala. Code 1975. The circuit court accepted the jury's recommendation that Stephens be sentenced to death and sentenced Stephens to death. On August 12, 2005, this Court affirmed Stephens's conviction and sentence. Stephens v.State, 982 So.2d 1110 (Ala.Crim.App. 2005).
Stephens petitioned the Alabama Supreme Court for certiorari review. That court granted Stephens's petition, and on July 28, 2006, upheld Stephens's conviction for capital murder. However, the Supreme Court held that the circuit court's decision to overrule Stephens's motion for a new trial and not to hold a new sentencing hearing was error, based on the court's giving of an erroneous jury instruction during the sentencing phase of Stephens's capital-murder trial. Accordingly, the Supreme Court reversed this Court's judgment upholding Stephens's death sentence and remanded this case with instructions that we, in turn, remand Stephens's case to the circuit court with directions that that court conduct a new sentencing hearing.Ex parte Stephens, 982 So.2d 1148 (Ala. 2006). The Supreme Court overruled *Page 1156 
the State's application for rehearing on September 22, 2006. A certificate of judgment was issued on October 11, 2006, and the case was remanded to this Court.
In accordance with the judgment of the Supreme Court in Exparte Stephens, Stephens's sentence of death is reversed, and this cause is remanded for the circuit court to conduct a new sentencing hearing before a jury. The circuit court should take the necessary action to ensure that the circuit clerk makes due return to this Court within 120 days from the date of this opinion, or as soon as practicable.
REVERSED AS TO SENTENCE AND REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
 On Return to Remand
WISE, Judge.
Stanley Stephens was convicted of capital murder and was sentenced to death for the stabbing deaths of Annie Lamb Stephens and Nicholas Lance Stephens, which were committed "by one act or pursuant to one scheme or course of conduct." See § 13A-5-40(a)(10), Ala. Code 1975. On August 12, 2005, this Court affirmed Stephens's conviction and sentence. Stephensv. State, 982 So.2d 1110 (Ala.Crim.App. 2005). The Alabama Supreme Court affirmed Stephens's conviction, but determined that a new sentencing hearing was warranted. Ex parteStephens, 982 So.2d 1148 (Ala. 2006).
On December 20, 2006, pursuant to the Alabama Supreme Court's opinion in Ex parte Stephens, we remanded this case to Lee Circuit Court with directions that that court conduct a new sentencing hearing in Stephens's case. On remand, the parties agreed that Stephens would be sentenced to life imprisonment without the possibility of parole. In return, Stephens agreed that he would waive any and all appeals and/or postconviction proceedings attacking his conviction and sentence in this case. On August 24, 2007., the circuit court conducted a hearing concerning this agreement. Following the hearing, the circuit court entered an order sentencing Stephens to life imprisonment without the possibility of parole. The court's order stated, in pertinent part:
 "The Court was informed that the parties had entered into an agreement whereby [Stephens] would be sentenced to life without parole. A hearing was held on August 24, 2007, on this matter. Appearing on behalf of the State of Alabama was District Attorney Nick Abbett and Chief Assistant District Attorney David Glanzer. Appearing on behalf of [Stephens] were Attorneys Patrick Davidson and Ben Hand. It should be noted that representatives of the victims' family and [Stephens's] family were also present. Entered as an exhibit was a letter signed by the victims' family indicating that they had no objection to [Stephens] being sentenced to life without parole. Also introduced was a plea recommendation signed by [Stephens] agreeing to the life without parole sentence. [Stephens] stated that was not the paper he signed; however, it was his signature on the paper. A copy of the agreement is attached and marked as exhibit `A.' [Stephens] indicated, however, that he was in agreement with all the terms and conditions as set forth on the sentencing recommendation that had his signature. The Court asked [Stephens] if he had anything to say prior to sentence being announced. [Stephens] stated that he would like to address the victims' family. *Page 1157 
 "The Court proceeded to sentence [Stephens] pursuant [to] the agreement. [Stephens] was sentenced to life without parole in the penitentiary of the State of Alabama. Court costs were assessed. Victims's compensation assessment of $100.00 was assessed. Furthermore, [Stephens] was given jail credit of 6 years and 353 days. The sentencing agreement stated that [Stephens] was waiving his right to appeal and furthermore waiving his right to file any postconviction proceedings.
 "At the conclusion of the sentencing [Stephens] addressed the victims's family."
Our review of the record indicates that Stephens was aware that the agreement sentencing him to life imprisonment without the possibility of parole included a waiver of the right to appeal, and he freely agreed to that condition. See Watkins v.State, 659 So.2d 688, 689 (Ala.Crim.App. 1994), appeal dismissed, 659 So.2d 689 (Ala.Crim.App. 1995).[1] Accordingly, it now appears that this appeal is due to be dismissed on return to remand.
APPEAL DISMISSED.
BASCHAB, P.J., and McMILLAN, SHAW, and WELCH, JJ., concur.
[1] We note, however, that Stephens's agreement to waive any and all postconviction proceedings attacking his conviction and sentence in this case is subject to this Court's holding inBoglin v. State, 840 So.2d 926
(Ala.Crim.App. 2002).
 *Page 355