S90A0529. THOMAS v. THE STATE.
(392 SE2d 520)

SMITH, Presiding Justice.

The State sought the death penalty against appellant Tony Jerald Thomas for the murder of Kenneth Overstreet.[1] After the jury returned guilty verdicts on all the charges, but before sentencing, the appellant and the State entered into an agreement in which the appellant waived his right to appeal and the State waived its right to

---

[1] The appellant was also charged with: armed robbery, aggravated assault, and possession of a firearm by a convicted felon. The appellant and his twin brother, Jessie William Thomas, were indicted at the same time for the same offenses, but Jessie William Thomas' trial was set for a later date.

seek the death penalty against both the appellant and his co-defend-
ant/brother, Jessie William Thomas. The appellant was sentenced ac-
cording to the agreement; however, despite the agreement, the appel-
lant has filed an appeal and the State has filed a motion to dismiss.
We grant the State's motion and dismiss the appellant's appeal.

The issue in this case, a question of first impression in Georgia, is
whether a criminal defendant may waive his statutory right to appeal
a conviction in return for the State's waiver of the right to seek the
death penalty. For the reasons which follow we hold that the right to
appeal may be waived.

After the trial judge stated that he would only approve the agree-
ment if the appellant fully understood its meaning, the appellant re-
sponded: "I fully understand, Your honor." The waiver states that the
recommendations were read to the appellant, that they were com-
pletely understood by him, and includes the following: "I do hereby
freely, voluntarily, knowingly, and willingly consent to this recom-
mendation and do further agree to enter the pleas as outlined above."
The appellant was placed under oath and questioned about his under-
standing of the recommended sentence. The trial judge sentenced the
appellant in accordance with the agreement, and the appellant stated
that he had no problem with the sentence. The trial judge told the
appellant that he had "waived any right to appeal in this case[,]" and
the appellant responded, "Yes, sir."

If there is no constitutional, statutory, or public policy prohibi-
tion against waiver, an accused may validly waive any right. *Schick v.
United States*, 195 U. S. 65, 72 (24 SC 826, 49 LE 99) (1904). Nothing
in the State or Federal Constitution grants a defendant a right to ap-
pellate review, but our statutory law provides for mandatory review in
cases in which the death penalty was imposed. OCGA § 17-10-35. Our
statutory law also provides for review in non-death penalty cases, but
the review is not mandatory. OCGA § 5-6-33 (a) (1). The appellant
was not sentenced to death; therefore, his right to appeal is not
mandatory, and it is a right that may be forfeited under certain con-
ditions.[2]

In *State v. Denson*, 236 Ga. 239, 240 (223 SE2d 640) (1976) this
Court stated:

> A person convicted of a crime in a trial court in this
> state is not entitled to have his conviction reviewed as a mat-
> ter of right by an appellate court. He must pursue applicable
> statutory requirements. A convicted party can, by his own
> conduct or by his conduct in concert with that of his attor-

---

[2] The question of whether or not the mandatory review may be waived is not before us
at this time.

ney, forfeit his appeal. If a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court.

Inasmuch as a criminal defendant may forfeit his right to appeal by his conduct, there can be no public policy that would forbid a criminal defendant from making a voluntary, knowing, and intelligent waiver of the same right. Furthermore there is no constitutional or statutory provision that prohibits a criminal defendant from waiving his statutory right to appeal. Thus the right to appeal may be waived. *Schick*, supra.

Waivers of the right to appeal have been recognized in many cases. For example in *Gilmore v. Utah*, 429 U. S. 1012 (97 SC 436, 50 LE2d 632) (1976) and *Whitmore v. Arkansas*, ____ U. S. ____ (110 SC 1717, ____ LE2d ____) (58 USLW 4495, Case No. 88-07146, decided April 24, 1990), a majority of the United States Supreme Court recognized that under certain conditions criminal defendants may even waive their right to appeal their death sentences. There can be no waiver as important as one which waives the right to appeal a death sentence. The waiver of that appeal removes all obstacles that may stand between the criminal defendant and execution.

Waivers advance both the State's and the defendant's interest in finality. Only by holding the defendant and the State to the bargain is finality achieved. The waiver must, of course, be not only voluntary but also knowing and intelligent.

A review of the record in this case indicates that the trial court determined that the waiver was made voluntarily, knowingly, and intelligently. The jury had already returned guilty verdicts on all of the charges, and the terms of the agreement were highly favorable to the appellant. Not only did the State waive the death penalty in the appellant's case, it also waived the death penalty in its case against the appellant's brother. Both the appellant and his brother avoided any possibility of capital punishment because of the agreement. Having found that the appellant voluntarily, knowingly, and intelligently waived his right to appeal, we grant the State's motion to dismiss this appeal.

*Appeal dismissed. All the Justices concur, except Benham, J., who concurs in the judgment only.*

DECIDED JUNE 21, 1990.

*Jones, Osteen, Jones & Arnold, Jeffery L. Arnold,* for appellant. *Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr.,*

*Mark S. Daniel, Assistant District Attorneys, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.