ON REMAND

BOWEN, Presiding Judge.
On remand, the trial court appointed counsel to represent the appellant on this appeal of the appellant’s guilty plea conviction for theft in the first degree. Counsel has filed a brief with this Court in which three issues are presented.
I.
The appellant claims that the record does not reflect a knowing and intelligent waiver of his right to trial.
The appellant filed a pro se motion to withdraw his guilty plea in which he alleged:
“1. Petitioner’s plea was not made voluntarily with understanding of the nature of the charge and the consequences therefor.
“2. Said plea was induced through coercion by counsel.
“3. Had petitioner been fully aware of the circumstances concerning this criminal charge, he would have insisted on going to trial. However, as a result of ill advice by counsel a coerced and involuntary plea was induced.” C.R. 27
The appellant was sentenced on October 23, 1992. His motion to withdraw his plea is dated November 19, 1992, and was filed on November 24, 1992. We need not determine whether the motion to withdraw the plea was timely filed because we find that it is without merit. Compare Holland v. State, 621 So.2d 373 (Ala.Cr.App.1993).
The record reflects that the appellant signed a waiver of rights form on October 23, 1992. C.R. 23. He also executed a “defendant’s statement of satisfaction of services rendered by court appointed attorney” and, during the guilty plea colloquy, affirmatively indicated that he was satisfied with the services of his attorney.
*907 The record also reflects that the appellant was indicted for robbery in the first degree, that he had three prior convictions, and that the mandatory minimum sentence for a conviction of the charged offense upon application of the Habitual Felony Offender Act was imprisonment for life without parole. The appellant entered a “best interest” guilty plea to the lesser included charge of theft in the first degree in exchange for a sentence of life imprisonment. See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The transcript of the guilty plea hearing makes it clear to this Court that the appellant was fully advised of his constitutional rights, that he understood the ramifications of pleading guilty, and that he knowingly, voluntarily, and intelligently entered his guilty plea.
II & III
The appellant also alleges that the trial court erred in summarily denying his motion to withdraw his guilty plea and in failing to make counsel available to him in connection with this motion. With regard to this last contention, the record shows only that the appellant filed a pro se motion to withdraw his guilty plea and a pro se notice of appeal.
These issues are raised for the first time on this appeal. They have not been preserved for appellate review. See Cantu v. State, [Ms. 1920426, October 15, 1993].*
The judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.

 Reporter of Decisions' Note: The Alabama Supreme Court on April 15, 1994, withdrew its October 15, 1993, opinion in Cantu and substituted another one.