LONG, Presiding Judge.
Sirrico Santonio Bennett pleaded guilty to unlawful possession of a controlled substance, a violation of § 13A-12-212(a)(l), Ala.Code 1975, and to carrying a pistol without a permit, a violation of § 13A-11-73, Ala.Code 1975. He was sentenced to 4 years in the state penitentiary for the drug possession count, and to 12 months in the county jail for carrying a pistol without a permit; the sentences were to run concurrently.
On appeal, Bennett contends that he did not enter his guilty plea knowingly and voluntarily because, he says, the trial court failed to inform him that after he was convicted, the State would be entitled to take from him a DNA sample pursuant to § 36-18-24, Ala.Code 1975. Under § 36-18-24, second paragraph, subpara-graph (a), the Alabama Department of Forensic Sciences is entitled to take DNA samples of all “[pjersons convicted after May 6, 1994 for a felony offense.” In addition, § 36-18-25, Ala.Code 1975, provides that submission to the taking of a DNA sample may be a “mandatory condition” of release, parole, or probation. Bennett contends that because refusal to submit to the taking of a DNA sample may result in additional “punishment,” the trial court, by failing to inform him that a DNA sample was required of him, essentially failed to inform him of the minimum and maximum possible sentence. Because Bennett did not raise this claim in the trial court, this issue was not preserved for appellate review. “ ‘[Cjlaims relating to the voluntariness of guilty pleas must first be presented to the trial court or they are waived on direct appeal.’ ” Danzey v. State, 703 So.2d 1019, 1019 (Ala.Cr.App.1997), quoting Anderson v. State, 668 So.2d 159, 162 (Ala.Cr.App.1995).
*639 Even if this issue had been preserved, however, we would decide it adversely to Bennett. This court has held that the DNA sample requirement of § 36-18-24 is merely a collateral consequence of a conviction and has no bearing on the sentence imposed. Danzey, 703 So.2d at 1020. “ ‘ “An accused is entitled to information concerning the direct consequences of his plea. He is not entitled to information concerning all collateral effects, or future contingencies that might arise.” ’ ” Id., quoting Fearson v. State, 662 So.2d 1225, 1226 (Ala.Cr.App.1995), quoting, in turn, Minnifield v. State, 439 So.2d 190, 192 (Ala.Cr.App.1983).
Although we are affirming Bennett’s convictions, we must remand this case for resentencing. One of the offenses to which Bennett pleaded guilty was carrying a pistol without a permit, a violation of § 13A-11-73, Ala.Code 1975. The sentencing provision for a violation of § 13A-11-73 is set out at § 13A-ll-84(a), Ala. Code 1975, which states, in pertinent part: “Every violation of Section[] 13A-11-73 ... shall be punishable by imprisonment for any term less than one year or by a fine of not more than $500.00, or both.” (Emphasis added.) The trial court sentenced Bennett to 12 months’ imprisonment for violating § 13A-11-73. Thus, Bennett’s sentence exceeded the maximum sentence provided in § 13A-ll-84(a).
We are remanding this case to the trial court for resentencing in accordance with § 13A-ll-84(a). The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion. The return to remand shall include a transcript of any proceedings conducted by the trial court.
AFFIRMED AS TO CONVICTIONS; REMANDED FOR RESENTENCING. 
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.