A Lee County jury convicted George E. Sibley, Jr., of capital murder for the killing of Roger Motley. The murder was made capital because Motley was a police officer (with the Opelika Police Department) and was on duty at the time of the murder. See Ala. Code 1975, § 13A-5-40(a)(5). The jury unanimously recommended that he be sentenced to death. After conducting a sentencing hearing, the court accepted the jury's recommendation and imposed a sentence of death.
Before the appeals process began, Sibley indicated a desire to proceed without an attorney. The trial court informed Sibley of the appellate process and the advantages of proceeding with counsel. The court stressed to him the disadvantages he would have representing himself, including the difficulties of meeting time standards while incarcerated. The court also informed Sibley that he could waive counsel and later withdraw that waiver and request an attorney to represent him. Sibley continued to state adamantly that he wanted to present his own case. The trial court, having twice explained to Sibley the perils he would face in representing himself, allowed him to proceed pro se. *Page 247 
Sibley indicated in many pro se documents filed with the Court of Criminal Appeals that he did not intend to file a brief. That court nevertheless appointed an attorney to help Sibley prepare a brief. Sibley again rejected the appointment, adamantly stating that he wanted to present his own case and did not want an attorney appointed for him. The court gave Sibley one last chance to file a brief; however, he refused to do so.
The state asked the Court of Criminal Appeals to remand the case for the trial court to determine whether Sibley's decision not to pursue an appeal had been made knowingly, intelligently, and voluntarily. The Court of Criminal Appeals agreed to do so and, on March 8, 1996, remanded the case for the trial court to determine whether Sibley "understood the consequences" of acting pro se. Sibley v. State, 775 So.2d 235, 238 (Ala.Crim.App. 1996). In its March 21, 1997, opinion on return to remand, the Court of Criminal Appeals described the remand as having been made "[o]ut of an abundance of caution." 775 So.2d at 241.
On remand, the trial court again questioned Sibley as to whether he understood the consequences of his actions. That court then made the following findings, in pertinent part:
 "This court has again advised the Defendant of this right to counsel on appeal and has warned Defendant of the consequences of his waiver of counsel. The Defendant has also been advised of the consequences of his failure to file an appellate brief.
 "The Defendant has refused to answer questions directed to him by the court but has read a prepared statement into the record.
 "This court has had frequent contact with the Defendant since he was first brought before the court in October 1993. He was tried before a jury for the offense of capital murder in May 1994.
 "Based on that frequent contact, facts elicited at trial, [a] presentence report and numerous pro se motions and letters filed by the Defendant, the Court makes the following findings of fact:
 "1. The Defendant is an intelligent, mature individual in good mental and physical health;
"2. He was represented at trial by competent attorneys;
 "3. He is fully aware of the nature of his conviction and the seriousness of the sentence imposed;
 "4. The Defendant has shown a basic understanding of rules of procedure, evidence and courtroom decorum;
 "5. His waiver of appellate counsel is not the result of mistreatment or coercion;
 "6. The Defendant has knowingly and voluntarily waived his right to appellate counsel;
 "7. The Defendant understands the consequences of failing to file an appellate brief.
 "It further appears to this Court that the Defendant is attempting to manipulate the appellate courts to his advantage by refusal of appellate counsel."
(Court's Record of Remand pp. 12-13.) The Court of Criminal Appeals, on March 21, 1997, satisfied that Sibley's waiver was a knowing and intelligent one, and after reviewing the case for plain error, affirmed the conviction and the sentence of death. 775 So.2d at 242 (opinion on return to remand).
Although Sibley did not petition for a writ of certiorari, this Court issued the writ ex mero motu. We appointed counsel for Sibley, and counsel filed a brief and appeared for oral argument. We have carefully reviewed the record, as we must under Rule 39(k), Ala. R. App. P., and Ala. Code 1975, § 13A-5-53(a). We have also carefully read and considered the briefs and the arguments of counsel. We have found no error, plain or otherwise. Nothing in the record indicates that the sentence *Page 248 
of death was imposed as a result of passion, prejudice, or any other arbitrary factor. This Court has also independently weighed the aggravating circumstances and the mitigating circumstances, in accordance with Ala. Code 1975, § 13A-5-53(b), and we conclude that death is the proper sentence. The trial court found the existence of two aggravating circumstances: (1) that Sibley knowingly created a great risk of death to many persons; and (2) that the capital offense was committed for the purpose of avoiding or preventing a lawful arrest. See Ala. Code 1975, § 13A-5-49
(3) and (5).
Finally, as Ala. Code 1975, § 13A-5-53(b), requires, we have considered whether Sibley's death sentence was disproportionate or excessive when compared to the sentences imposed in similar cases. It was not. Alabama courts have frequently imposed the death sentence for the murder of a police officer or a correctional officer. See Ex parte Madison, 718 So.2d 104 (Ala.), cert. denied, 525 U.S. 1005 (1998) (murder of a police officer); Harrellv. State, 470 So.2d 1303 (Ala.Crim.App. 1984), aff'd,470 So.2d 1309 (Ala.), cert. denied, 474 U.S. 935 (1985) (murder of a police officer); Carr v. State, 640 So.2d 1064 (Ala. Crim. App. 1994) (murder of a correctional officer; there was no certiorari review, because of the defendant's death — see 640 So.2d at 1074.).
We affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, and Johnstone, JJ., concur.
Brown, J., recuses herself.*
* Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.