## S00P1959. COLWELL v. THE STATE.
### (543 SE2d 682)

ORDER OF COURT.

1. The motion of appellant's attorney, Michael Mears, asking this Court to conduct an evidentiary hearing into the legal competency of appellant is denied. OCGA § 15-2-8 (1).

2. The motion to substitute counsel, filed by William Claxton, Esq. on behalf of appellant, is denied. Appellant's affidavit in support of the motion to substitute counsel makes it clear that a change in counsel is sought because current counsel has not complied with appellant's desire to abandon the direct appeal of his death penalty case. Because of the unique treatment of death penalty direct appeals, neither appellant nor his attorney is authorized to abandon

or withdraw his direct appeal. A criminal defendant in a non-death penalty case may waive his right to a direct appeal because the statutory basis for that review (OCGA § 5-6-33 (a) (1)) does not make the review mandatory; however, the same rationale does not hold true in a death penalty case because the statutory basis for appellate review (OCGA § 17-10-35) requires mandatory review. *Thomas v. State*, 260 Ga. 262 (392 SE2d 520) (1990). In addition, the Unified Appeal Procedure requires this Court to review a death penalty case, whether or not the defendant files a notice of appeal (Rule IV A 3 (a) (2000)), and authorizes this Court to direct the defendant's appellate counsel and the State's attorney to brief and argue grounds not raised on appeal. Rule IV B (2000). As this Court stated in *Patillo v. State*, 258 Ga. 255 (368 SE2d 493) (1988), "Notwithstanding the defendant's request, we must review a death penalty case under the Unified Appeal Procedure . . . and OCGA § 17-10-35. In conducting our review, we are guided by, but not limited to, the issues raised on behalf of the defendant by his attorneys on appeal."

Since a death penalty defendant may not withdraw his appeal, neither is his attorney permitted to perform such an act. Inasmuch as the reason appellant asserts in his affidavit in support of the motion to substitute counsel is his desire to replace current counsel with counsel who will accommodate Colwell's desire to perform an unauthorized act, the motion to substitute counsel is denied.

3. In light of the above, the motion to remand the case to the superior court for determination whether appellant may waive his death penalty direct appeal, filed on appellant's behalf by William Claxton, Esq., is denied.

4. In light of the above, the motion to remand the case to the superior court for determination whether appellant is competent to substitute counsel, filed on appellant's behalf by William Claxton, Esq., is denied.

*All the Justices concur, except Hunstein, Carley and Thompson, JJ., who dissent to Division 4.*

CARLEY, Justice, concurring in part and dissenting in part.

The majority denies all motions in this death penalty case, which include one filed by Mr. Mears as well as those filed by Mr. Claxton. The majority bases its rulings upon the assumption that the request to change counsel is for the sole purpose of withdrawing the appeal. I agree that appellant Colwell cannot waive the statutorily required automatic appeal, so there would be no need to determine his competency for that purpose. In my opinion, however, the question of whether Mr. Mears or Mr. Claxton will represent appellant in his mandatory appeal is a separate issue. I believe that if Colwell is competent, he can change appellate counsel. While I agree that we

should deny Mr. Mears' motion, requesting that *this Court* conduct an evidentiary hearing to determine appellant's competency to change appellate counsel, I would remand for the trial court to determine his competency for that purpose. Therefore, I dissent to the majority's denial of Mr. Claxton's motion in that regard.

Under certain circumstances, even an indigent defendant in a death penalty case is entitled to appointment of the defense counsel of his choosing. *Amadeo v. State*, 259 Ga. 469, 470 (2) (384 SE2d 181) (1989). Appellant's right to name his own legal representative is even stronger, since Mr. Claxton, as his new attorney, has agreed to represent him pro bono and is, therefore, the equivalent of retained counsel. " 'While the right to select a particular person as counsel is not an absolute right, *the arbitrary dismissal of a defendant's attorney of choice violates a defendant's right to counsel.*' " (Emphasis in original.) *State v. Fleming*, 245 Ga. 700, 703 (2) (267 SE2d 207) (1980). Thus, I believe that we should grant the motion for remand for the limited purpose of determining whether Colwell is competent to discharge Mr. Mears as his appointed appellate counsel and to substitute Mr. Claxton as his own retained attorney.

I am authorized to state that Justice Hunstein and Justice Thompson join in this opinion.

ORDERED JANUARY 19, 2001.

*Michael Mears, Kenneth D. Driggs*, for appellant.

*John R. Parks, District Attorney, Daniel P. Bibler, Assistant District Attorney, Thurbert E. Baker, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Patricia A. Burton, Assistant Attorney General*, for appellee.

Ronald S. Honberg, Rex W. Cowdry, *amici curiae.*