The appellant, Joey Watson, pleaded guilty to assault in the second degree and was sentenced to 10 years imprisonment; pursuant to the split-sentence act he was ordered to serve two years in the state penitentiary. Watson filed a notice of appeal and requested that he be appointed counsel to pursue an appeal. The circuit court advised this Court that Watson had waived his right to appeal as the result of a negotiated plea agreement with the State. The circuit court also denied Watson's request for counsel on appeal. We requested that the parties tell us why this appeal should not be dismissed and we directed the trial court to appoint counsel for Watson for the limited purpose of responding to this Court's directive.
Watson's appointed counsel responded with the argument that Watson's waiver of his right to appeal was involuntary because, he says, he was not informed of the consequences of waiving that right.
In Alabama, there is no constitutional right to appeal a criminal conviction. That right is purely statutory. See § 12-22-130, Ala. Code 1975.[1] Alabama courts have recognized that, in cases not involving the death penalty, a defendant may waive his right to appeal a criminal conviction as part of a negotiated plea agreement.[2] See Dunnv. State, 514 So.2d 1300 (Ala. 1987); Jones v. State, 675 So.2d 69
(Ala.Crim.App. 1995); Watkins v. State, 659 So.2d 688 (Ala.Crim.App. 1994); Gwin v. State, 456 So.2d 845 (Ala.Crim.App. 1984). Cf. Sibley v.State, 775 So.2d 235 (Ala.Crim.App. 1996), aff'd, 775 So.2d 246 (Ala. 2000) (cannot waive right to direct appeal in death-penalty case because review by Court of Criminal Appeals is automatic and mandatory).
Our research has revealed many other state and federal courts that have also recognized that the statutory right to appeal a criminal conviction may be waived as part of a negotiated plea agreement. See Colwell v.State, 273 Ga. 338, 543 S.E.2d 682 (2001) ("A criminal defendant in a non-death penalty case may waive his right to a direct appeal *Page 79 
because the statutory basis for that review . . . does not make the review mandatory."); Thomas v. State, 260 Ga. 262, 392 S.E.2d 520 (1990) (defendant may waive right to direct appeal but not right to file a postconviction petition); State v. McKissack, 917 S.W.2d 714
(Tenn.Crim.App. 1995); People v. Kemp, 94 N.Y.2d 831, 724 N.Ed.2d 754,703 N.Y.S.2d 59 (1999) ("A defendant may waive the right to appeal as part of a bargained-for plea agreement."); People v. Aparicio,74 Cal.App.4th 286, 289, 87 Cal.Rptr.2d 750 (1999) ("`The right to appeal a criminal conviction has no roots in the United States or California Constitutions and is a statutory right only. If a defendant may waive important constitutional rights by pleading guilty, it follows a fortiori that a defendant may expressly waive his statutory right to appeal as part of a plea agreement.'"); Cubbage v. State, 304 Md. 237, 241,498 A.2d 632, 634 (1985) ("Just as constitutional rights may be waived, so may nonconstitutional rights be waived."); State v. Harmon,243 S.W.2d 326 (Mo. 1951) (defendant may waive right to appeal);Weatherford v. Commonwealth, 703 S.W.2d 882 (Ky. 1986) (defendant may waive right to appeal); State v. Shade, 111 Nev. 887, 900 P.2d 327
(1995). See also United States v. Broughton-Jones, 71 F.3d 1143 (4th Cir. 1995); United States v. Melancon, 972 F.2d 566 (5th Cir. 1992);United States v. Schmidt, 47 F.3d 188 (7th Cir. 1995); United States v.Bushert, 997 F.2d 1343 (11th Cir. 1993), cert. denied, 513 U.S. 1051
(1994). But see United States v. Raynor, 989 F. Supp. 43 (D.C. Cir. 1997) (defendant may not waive right to appeal as part of plea bargain). See also Daniel P. Blank, Plea Bargain Waivers Reconsidered: A LegalPragmatist's Guide to Loss, Abandonment and Alienation, 68 Fordham L. Rev. (2000); David E. Carney, Waiver of the Right to Appeal Sentencing inPlea Agreements with the Federal Government, 40 Wm. Mary L. Rev. 1019 (1999); David S. Rudolf Gordon Widenhouse, Renewing the Challenge toProvisions Waiving the Right to Appeal, 22 Mar. Champion 51 (1998); Robert K. Calhoun, Waiver of the Right to Appeal, 23 Hastings Const. L.Q. 127 (1995); Henry M. Greenberg, Criminal Procedure, 44 Syracuse L.Rev. 189 (1993); Gregory M. Dyer, Criminal Defendants' Waiver of theRight to Appeal, 65 Notre Dame L.Rev. 649 (1990).
Though we have never addressed the rationale behind allowing a defendant to waive his right to appeal, we believe its origin is in the principle that a defendant may waive any other right, including a constitutional one. We agree with the Maryland Court of Appeals which stated in Cubbage v. State:
 "In Maryland, the right to appeal a criminal conviction is statutory, not constitutional. . . . See also Evitts v. Lucey, 469 U.S. 387, [393], 105 S.Ct. 830, 834, 83 L.Ed.2d 821, 827 (1985) (`Almost a century ago, the Court held that the Constitution does not require States to grant appeals as of right to criminal defendants seeking to review alleged trial court errors.'). See generally J. Bond, Plea Bargaining and Guilty Pleas § 7.27(a)(1), at 7-94 (2d ed. 1982) (Bond).
 "Just as constitutional rights may be waived, so may nonconstitutional right be waived. See, e.g., State v. Magwood, 290 Md. 615, 619 n. 2, 432 A.2d 446, 448
n. 2 (1981) (`[T]here are few, if any instances where a criminal defendant is prohibited from surrendering his rights, be they constitutional or otherwise. . . .' (citation omitted and emphasis added [in Cubbage])); Logan v. State, 289 Md. 460, 470-71, 425 A.2d 632, 637 (1981) (`It would be a strange holding indeed were we to conclude that though the defendant can knowingly waive a constitutional right, he cannot knowingly waive a court rule (absent specific language rendering such a purported waiver ineffective) adopted to bolster and implement that constitutional right. . . . *Page 80 
"We are unable to accept the thesis that no one can ever intelligently waive an important constitutional right voluntarily. . . ." . . . In our view, the same is ordinarily true in the area of important non-constitutional rights.' (citation omitted [in Cubbage])); State v. McKay, 280 Md. 558, 569-70, 375 A.2d 228, 234-35 (1977)."
304 Md. at 241-42, 498 A.2d at 634-35.
Once we recognize that a defendant may legally waive his right to appeal, the question becomes what constitutes a sufficient and valid waiver. The Alabama Supreme Court alluded to the sufficiency of the waiver in Dunn, where that court stated:
 "The standards for waiver of appeals are somewhat unclear, because there is no right to an appeal under the Constitution, although once a state grants a non-discretionary appeal to defendants, the Fourteenth Amendment requires that the appellate process conform to the standards of due process and equal protection on the first such appeal. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Thus, on a first non-discretionary appeal (i.e., a state `appeal as of right'), the Fourteenth Amendment establishes a right to counsel, and a right to effective assistance by that counsel. Id. Moreover, waiver of this constitutional right to counsel on appeal must be knowing and intelligent.' Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967). However, waiver of the actual appeal has been found to require a lower standard, because the appeal itself is not constitutionally protected. See Norris v. Wainwright, 588 F.2d 130 (5th Cir. 1979), cert. denied, 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979). As Norris
indicates, however, some cases have spoken of, waiver of an appeal as requiring `knowing and intelligent' action. Id at 136, n. 3."
 "We need not resolve this issue, because the evidence in this case allows the inference that the petitioner made a knowing and intelligent waiver of his right to appeal."
514 So.2d at 1303 n. 2 (emphasis added.) The emphasized portion of the above quote clearly states that to be sufficient the waiver of the right to appeal does not have to rise to the level of what is required for a waiver of the constitutional right to counsel. See Faretta v.California, 422 U.S. 806 (1975). Also, the Fifth Circuit Court of Appeals case cited by the Supreme Court, Norris v. Wainwright, 588 F.2d 130 (5th Cir. 1979), cert. denied, 444 U.S. 846 (1979), states, "If appellate review of a criminal conviction were a right given by the constitution, we would not allow a defendant to be precluded from appellate review unless he knowingly and voluntarily waived such review." 588 F.2d at 137.
Because the waiver of the right to appeal requires a lower standard then that required by Faretta to waive the right to counsel, we believe that a colloquy with the defendant that reflects that he or she was informed of the right to appeal and that he or she chose to waive this right is sufficient to show a valid and enforceable waiver. A signed plea agreement that indicates that the defendant has waived the right to a direct appeal is also sufficient. See People v. Castrillon,227 Cal.App.3d 718, 278 Cal.Rptr. 121 (1991).
Should the sufficiency of a waiver of the right to appeal be reviewable on direct appeal? A voluntary plea of guilty waives all nonjurisdictional defects in the proceedings against the defendant. SeeDuncan v. State, 722 So.2d 795 (Ala.Crim.App. 1998). "`"Claims relating to the *Page 81 
voluntariness of guilty pleas must first be presented to the trial court or they are waived on direct appeal."'" Bennett v. State,754 So.2d 637 (Ala.Crim.App. 1999), quoting Danzey v. State,703 So.2d 1019, 1019 (Ala.Crim.App. 1997), quoting in turn Anderson v.State, 668 So.2d 159, 162 (Ala.Crim.App. 1995). Because a plea waives all nonjurisdictional defects and because it is a long-standing principle that an appellate court cannot consider the issue of the voluntariness of a plea unless that issue is preserved by proper objection, we will consider the issue of the voluntariness of the waiver of the right to appeal only if that issue is properly presented to the trial court, either by way of a motion to withdraw the plea or a motion for new trial. If the issue of the voluntariness of the waiver of the right to appeal has been properly preserved for review, an indigent defendant should be afforded appellate counsel to pursue that issue.
Here, Watson entered into a plea agreement with the State. That agreement provided that if Watson pleaded guilty to assault the State would recommend that he be sentenced pursuant to the split sentence act to 10 years' imprisonment and that he would serve two years and be placed on probation for two years. The trial court accepted Watson's plea and followed the State's recommendation as to sentence. However, Watson, acting pro se, moved to withdraw his plea. He stated in his motion, "That after further thought the Defendant would respectfully request that his plea of guilty be withdrawn and a new trial in this matter be set." (R. 18). Watson never presented the issue of the voluntariness of his plea to the trial court. Therefore, this issue is not properly before this Court on direct appeal. Here, the record contains an agreement signed by Watson that states that Watson waived his right to appeal.
This Court has noticed a dramatic increase in the number of plea agreements that contain a proviso purporting to waive a right to appeal. We solicit the help of the Standing Committee on the Alabama Rules of Criminal Procedure in amending Rule 14, Ala.R.Crim.P., to specifically address the waiver of the right to appeal in guilty pleas.
There are no issues for this Court to consider in this appeal; therefore, this appeal is due to be, and is hereby, dismissed.
APPEAL DISMISSED.
McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.
[1] Section 12-22-130 states: "A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the Supreme Court or Court of Criminal Appeals may appeal from the judgment of conviction to the appropriate appellate court."
[2] Before 1991, a defendant who pleaded guilty did not have the right to appeal his plea. Section 15-15-26, Ala. Code 1975, states: "After the court has heard and considered a plea of guilty by a defendant and has permitted the filing of such plea and sentenced the defendant, such defendant shall not have the right of appeal from the action of the trial court." However, in 1991, the Alabama Supreme Court, pursuant to its rule-making authority granted by the Alabama Constitution, adopted Rule 2.2(e)(5), Ala.R.Crim.P., which superseded § 15-15-26. This rule provides: "Upon acceptance of the defendant's plea of guilty and pronouncement and entry of judgment and sentencing, the defendant shall have a right of appeal from the action of the court." *Page 993