WISE, Judge.
The appellant, Deshone Yarbrough, appeals the circuit court’s denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he *308 attacked his 2000 convictions for first-degree burglary and second-degree assault. Yarbrough’s convictions were the result of a negotiated plea agreement. As part of that plea agreement, Yarbrough expressly agreed “to waive his right to appeal or contest, directly or collaterally, his conviction or sentence on any ground, unless the Court ... impos[ed] a sentence in excess of the statutory maximum or was without jurisdiction to enter the judgment or impose the sentence.”
Despite executing the aforementioned waiver, Yarbrough filed a Rule 32 petition on August 27, 2001, claiming (1) that his plea was involuntary, and (2) that his trial counsel had rendered ineffective assistance. On September 26, 2001, the State filed a response to Yarbrough’s petition, requesting that the trial court summarily deny the petition based on the waiver Yar-brough executed as part of his plea agreement. The circuit court, in a detailed and well-written order, denied Yarbrough’s petition. (C. 4-12.) The court’s order addressed the merits of Yarbrough’s claims, rejecting his claims that his pleas were involuntary and that his counsel was ineffective. Additionally, the court stated that because Yarbrough had waived his right to challenge any nonjurisdictional issues, his petition was precluded. This appeal followed.
Yarbrough argues that in light of the claims presented, the circuit court erred in denying his petition. We disagree.
Initially, we note that the circuit court’s finding that the grounds asserted in Yarbrough’s petition were precluded based on the fact that he had executed a waiver of appeal is incorrect. This Court recently rejected this finding in Boglin v. State, 840 So.2d 926, 929-30 (Ala.Crim.App.2002), wherein we stated:
“It is well settled that a defendant may, as part of a negotiated plea agreement, agree to waive his right to appeal ‘so long as he is fully advised of its implications and he voluntarily agrees to enter into the agreement.’ Watkins v. State, 659 So.2d 688, 689 (Ala.Crim.App.1994). See also Dunn v. State, 514 So.2d 1300 (Ala.1987); Watson v. State, 808 So.2d 77 (Ala.Crim.App.2001); Jones v. State, 675 So.2d 69 (Ala.Crim.App.1995); and Gwin v. State, 456 So.2d 845 (Ala.Crim.App.1984). ‘[A] colloquy with the defendant that reflects that he or she was informed of the right to appeal and that he or she chose to waive this right is sufficient to show a valid and enforceable waiver.’ Watson, 808 So.2d at 80. In addition, just like a challenge to the voluntariness of a guilty plea, the issue of the voluntariness of a waiver of the right to appeal will be reviewed on direct appeal if it is first presented to the trial court.
[[Image here]]
“The Alabama Supreme Court has held that the voluntariness of a guilty plea may be raised for the first time in a Rule 32 petition. See Cantu v. State, 660 So.2d 1026 (Ala.1994). The presence of a waiver of the right to collateral review should not bar review of the vol-untariness of a guilty plea because, as noted above, an involuntary guilty plea will necessarily render the waiver involuntary and a waiver cannot be enforced if it is not voluntary. For this same reason, the voluntariness of the waiver itself may also be reviewed in a Rule 32 petition. In addition, because ineffective assistance of counsel may, in some circumstances, render a guilty plea involuntary, see Ex parte Blackmon, 734 So.2d 995 (Ala.1999), we believe that claims of ineffective assistance of trial counsel may also be raised in a Rule 32 petition, despite a waiver of collateral review.”
*309 Thus, the circuit court should not have concluded that Yarbrough’s petition was precluded. Nevertheless, this ruling does not require an automatic reversal of the circuit court’s judgment, given that the court also addressed the merits of Yar-brough’s claims.
The judge who considered Yarbrough’s petition was the same judge who had accepted his guilty plea. The judge recalled Yarbrough’s plea. Moreover, she reviewed the transcript of Yarbrough’s plea colloquy and all relevant documents to satisfy herself that Yarbrough had entered the pleas voluntarily and with an understanding that his plea agreement included a waiver of appellate review, and further, that there was a factual basis for the plea. See Alford v. State, 651 So.2d 1109, 1112 (Ala.Crim.App.1994). Based on its review of the plea colloquy, the court rejected Yarbrough’s claim that he did not understand the nature of the charge and the consequences of his plea. Although Yar-brough’s brief contends otherwise, the weight of the evidence supports the finding of the circuit court. See Harris v. State, 637 So.2d 906, 907 (Ala.Crim.App.1993) (conflicts in the evidence are for the court to resolve). Thus, the court correctly determined that there was no merit to Yar-brough’s claim that his guilty plea was involuntary.
Yarbrough also contends that his trial counsel was ineffective. A petitioner in a Rule 32 proceeding has the burden of pleading and proving his allegations. Eddins v. State, 581 So.2d 574 (Ala.Crim.App.1991); Rule 32.3, Ala.R.Crim.P. To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel’s performance was deficient and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Ex parte Lawley, 512 So.2d 1370, 1372 (Ala.1987). In the context of guilty-plea proceedings, a petitioner must also show that but for counsel’s errors, the petitioner would not have pleaded guilty, but would, instead, have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
Yarbrough claims that his counsel was ineffective because, he says, counsel advised him to plead guilty, “even though petitioner did not commit the elements of the crime of Burglary I.” Yarbrough’s claim was based on his assertion that he had permission to enter the residence. By Yarbrough’s own admission during the plea colloquy, he broke the door down and entered the house, and at the time he did so he understood that he was not authorized to enter the victim’s house. Thus, there is no merit to Yarbrough’s claim that his counsel coerced him into pleading guilty for a crime he did not commit. The court concluded that because there was a factual basis for the first-degree burglary conviction and therefore, Yarbrough’s plea was neither coerced nor involuntarily entered, there was no merit to this claim.
Yarbrough also claims that his trial counsel was ineffective for failing to file a motion to dismiss the indictment. The court found that “the indictment was in the proper form required by Rule 12.8 and Form 55, Alabama Rules of Criminal Procedure.” Counsel is not ineffective for failing to file a motion for which there is no legal basis. Bedwell v. State, 710 So.2d 493, 497 (Ala.Crim.App.1997); Patrick v. State, 680 So.2d 959, 963 (Ala.Crim.App.1996).
Yarbrough next claims that his trial counsel was ineffective because, he says, counsel failed to discuss defense strategy with him before the scheduled trial date and that his counsel failed to *310 appear for court on the trial date. The court rejected this claim, based on its recollection of events and an affidavit from counsel setting out his actions while representing Yarbrough. A mere difference of opinion between a defendant and his trial counsel is insufficient to render counsel’s performance ineffective. Patrick v. State, 680 So.2d at 962. Thus, the circuit court correctly denied relief based on these claims.
Finally, we note that Yarbrough raises several claims in his initial brief and in his reply brief that are being raised for the first time on appeal. Because these claims are not properly before this Court, we will not address them. See Kaska v. State, 740 So.2d 475, 477 (Ala.Crim.App.1998) (“‘an appellant cannot raise issues on appeal from the denial of a Rule 32 petition that were not raised in the Rule 32 petition’ ”).
The circuit court’s findings are supported by the record on appeal and the court’s personal knowledge of the plea proceedings. See Sheats v. State, 556 So.2d 1094, 1095 (Ala.Crim.App.1989). Because Yarbrough’s claims were without merit, the court did not err in summarily denying Yarbrough’s petition. See Tatum v. State, 607 So.2d 383, 384 (Ala.Crim.App.1992); Rule 32.7(d), Ala.R.Crim.P.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.