BOLIN, Justice.[1]
David Sharpley pleaded guilty in the Morgan Circuit Court to first-degree robbery. In sentencing Sharpley, the trial court applied an enhancement statute, § 13A-5-6(a)(4), Ala.Code 1975, which mandates a minimum sentence of 20 years’ *1160 imprisonment when the defendant has used or has attempted to use a firearm or a deadly weapon in the commission of a class A felony, and sentenced Sharpley to 30 years in prison. The Alabama Court of Criminal Appeals, in an unpublished memorandum, concluded that Sharpley’s argument that the trial court had improperly applied the firearm-enhancement statute in determining his sentence was not properly before that court, and it dismissed his appeal. Sharpley v. State (No. CR-03-0696, August 20, 2004), 920 So.2d 610 (Ala.Crim.App.2004) (table). We granted Sharpley’s petition for a writ of certiorari to address his claim that he had reserved his right to appeal the issue whether the application of the firearm-enhancement statute to increase his sentence was proper. We reverse and remand.

Facts and Procedural History

On April 21, 2003, Sharpley pleaded guilty to first-degree robbery; the State made no sentencing recommendation. At the time he entered his plea, Sharpley executed and presented the trial court with the following forms: an “Explanation of Rights and Plea of Guilty”; a “Notice and Waiver of Indigency Status”; and a “Notice and Waiver of Right to Appeal and Right to Seek PosNConviction Relief.” In a colloquy with the trial court, Sharpley explained that he understood that he had been charged with first-degree robbery; that he understood his rights as set forth in the forms; that he understood that he was waiving those rights by pleading guilty; and that he had consulted with his attorney before executing the forms. The trial court explained the range of punishment to Sharpley, including the possible sentence if the firearm enhancement was applicable. Counsel for Sharpley responded by stating that Sharpley did not concede that the firearm-enhancement statute was applicable to him. Sharpley requested a sentencing hearing on the applicability of the firearm-enhancement statute, and the trial court scheduled a sentencing hearing.
Following the sentencing hearing, the trial court, on August 14, 2003, determined that the firearm-enhancement statute was applicable to Sharpley’s case and sentenced Sharpley in open court to 30 years in prison. The trial court specifically noted during the sentencing that at the time Sharpley entered his guilty plea, he did not reserve any issue for appeal. Neither Sharpley nor his counsel objected to the trial court’s determination that no issue had been reserved for appeal.
On September 2, 2003, Sharpley, proceeding pro se, filed a notice of appeal in the trial court. On September 15, 2003, Sharpley, again proceeding pro se, moved to withdraw his guilty plea.[2] Sharpley’s motion to withdraw his guilty plea was denied by operation of law 60 days after sentencing pursuant to Rule 24.4, Ala. R.Crim. P. Sharpley appealed to the Court of Criminal Appeals.
Sharpley argued on appeal to the Court of Criminal Appeals that the trial court had erroneously applied the firearm-enhancement statute; that the trial court had erroneously accepted his guilty plea because an allegedly improper “Explanation of Rights and Plea of Guilty” form was used, and it was not signed by the trial *1161 court; and that he had not knowingly, voluntarily, and intelligently entered his guilty plea. The Court of Criminal Appeals noted that Sharpley signed a waiver of his right to appeal and that he did not challenge in his postjudgment motion the voluntariness of his guilty plea or of his waiver. Citing Watson v. State, 808 So.2d 77 (Ala.Crim.App.2001), the Court of Criminal Appeals, in an unpublished memorandum, concluded that Sharpley’s arguments were not properly before the court.
On September 23, 2004, Sharpley petitioned this Court for a writ of certiorari. Sharpley contends in his petition, among other things, that he properly reserved for appeal the issue of the applicability of the firearm-enhancement statute. Specifically, Sharpley stated that his “Notice and Waiver of Right to Appeal and Right to Seek Post-Conviction Relief’ form was modified by strikeovers so that it did not waive his right to challenge the sentence either directly or collaterally. He further argues that he expressly reserved the right to challenge the applicability of the sentence enhancement.

Issue

This Court granted Sharpley’s petition for a writ of certiorari to decide the sole issue whether Sharpley had properly reserved the right to appeal the application of the firearm-enhancement statute in determining his sentence.

Analysis

Sharpley first contends that he modified the “Notice and Waiver of Right to Appeal and Right to Seek PosWConviction Relief’ form with strikeovers so that it did not waive his right to challenge the sentence either directly or collaterally. A review of the record, however, indicates otherwise. The “Notice and Waiver of Right to Appeal and Right to Seek Post-Conviction Relief’ form contains the following:
“Having read and understood the foregoing, I agree to:
“1) waive all my rights to appeal this case directly to an appellate court; “2) waive all my rights to challenge the conviction or sentence indirectly or collaterally by filing a separate action; and
“3) dismiss, with prejudice, any pending proceedings attacking this conviction or sentence.”
Each waiver provision on the form is preceded by a box in which the defendant enters his or her initials indicating that he or she has agreed to waive the rights set forth in that provision. The record indicates that Sharpley entered his initials in the box preceding each provision. The word “sentence” in the second provision, relating to the waiver of the “rights to challenge the conviction or sentence indirectly or collaterally,” has been struck through with a line. However, provision 1, waiving the right to appeal the case directly to an appellate court, has not been modified by a strikeover as Sharpley contends in his petition for a writ of certiorari. Thus, he has not modified the “Notice and Waiver of Right to Appeal and Right to Seek Post-Conviction Relief’ form so as not to waive his right to challenge the sentence directly on appeal to the Court of Criminal Appeals.
Sharpley also contends that he had expressly reserved his right to appeal the application of the firearm-enhancement statute to his sentence.
“ ‘Pursuant to Rule 14.4(a)(l)(viii)[, Ala. R.Crim. P.,] and Rule 26.9(b)[, Ala. R.Crim. P.], a defendant may appeal a guilty-plea conviction if: (1) the defendant “expressly reserved the right to appeal with respect to a particular issue or issues” before entry of the plea, Rule 14.4(a)(l)(viii), or (2) the defendant “has *1162 timely filed a motion to withdraw the plea of guilty and the motion has been denied,” Rule 26.9(b)(4)(ii).’ ”
Fuqua v. State, 912 So.2d 290, 291 (Ala.Crim.App.2005) (quoting Ingram v. State, 882 So.2d 374, 376 (Ala.Crim.App.2003)).
We note that the following colloquy occurred during Sharpley’s guilty-plea hearing:
“[The Court]: The range of punishment for a Class A felony ordinarily is not less than 10 years and not more than 99 years in prison and could include a fine not to exceed $20,000. By statute there is an enhanced punishment for use of a firearm or deadly weapon [in the commission of the felony]. If that was used or attempted to be used in the commission of a felony, the statute requires for commission of a Class A felony a term of imprisonment for not less than 20 years. If that enhancement is applicable, the range begins with 20 years. Do you understand?
“[Sharpley]: Yes, ma’am.
“[The Court]: Again is to 99 years in the penitentiary. Any questions about that?
“[Sharpley]: No, ma’am.
“[Sharpley’s Counsel]: If I may just for the record, that is the part of the charge that my client does not concede, is the firearm enhancement would be applicable to him under the circumstances in this case.
“[The Court]: Okay
[[Image here]]
“[Sharpley’s Counsel]: Your Honor, we will request a sentencing hearing on the issue of the applicability of firearm enhancement as to this defendant.”
At the sentencing hearing the trial court accepted testimony on the issue of the applicability of the firearm-enhancement statute and determined that the statute was applicable to Sharpley’s case. After sentencing Sharpley, the trial court specifically noted that Sharpley had failed to reserve any issue for appeal before he entered his guilty plea. Neither Sharpley nor his counsel objected to the trial court’s determination that Sharpley had failed to reserve for appeal the issue of the applicability to his case of the firearm-enhancement statute.
Sharpley failed to expressly reserve the right to appeal the issue of the applicability of the firearm-enhancement statute before entering his guilty plea. See Rule 14.4(a)(1)(viii), Ala. R.Crim. P. While Sharpley refused to concede the applicability of the firearm-enhancement statute, thereby placing the applicability of the enhancement provision at issue before the trial court, he failed to reserve the issue for appeal as required by Rule 14.4(a)(l)(viii).
However, as mentioned above, Sharpley filed a timely motion to withdraw the guilty plea, which was ultimately denied by operation of law. Sharpley stated no grounds in support of his motion to withdraw the guilty plea; however, because Sharpley filed a timely motion to withdraw his guilty plea, he properly invoked his right to appeal pursuant to Rule 26.9(b)(4)(ii), Ala. R.Crim. P. Ingram, supra.
Accordingly, the judgment of the Court of Criminal Appeals is reversed, and the case is remanded to the Court of Criminal Appeals for consideration of Sharpley’s appeal from the denial of his postjudgment motion.
REVERSED AND REMANDED. 
*1163 NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, STUART, SMITH, and PARKER, JJ., concur.

. This case was originally assigned to another Justice; it was reassigned to Justice Bolin on January 17, 2005.

. The trial court was not divested of jurisdiction to rule on Sharpley's motion to withdraw his guilty plea by the earlier filing of the notice of appeal. See Ex parte Walker, 652 So.2d 198 (Ala.1994). Additionally, we note that the 30-day period in which to file the postjudgment motion ended on Saturday, September 13, 2003. Therefore, the post-judgment motion, which was filed on Monday September 15, 2003, was timely. See Rule 1.3, Ala. R.Crim. P.