## S13A0041. SESSIONS v. THE STATE.
### (743 SE2d 391)

BENHAM, Justice.

Appellant Calvin Sessions appeals from the trial court's denial of his motion for out-of-time appeal. For reasons set forth below, we affirm.

The record shows that on December 10, 1997, a jury found appellant guilty of several counts each of murder, felony murder, aggravated assault, and possession of a firearm, as well as a count of armed robbery and a count of obstruction of an officer. The State had sought the death penalty, but the jury could not agree on a death penalty verdict. On December 12, 1997, the trial court sentenced appellant to life without parole, two life sentences with parole, and a term of years for his other felonies. Appellant did not file a motion for new trial or a notice of appeal. On June 23, 1998, appellant filed a pro se pleading entitled "Application for Out of Time Motion for New Trial." The trial court treated the pleading as an extraordinary motion for a new trial and denied it without hearing on February 10, 1999. Meanwhile, on November 10, 1998, appellant, through counsel, filed a petition for habeas corpus relief in which he alleged he was denied his right to appeal in violation of the Fifth, Sixth, and Fourteenth Amendments allegedly due to his court-appointed trial attorneys' failure to file an appeal. The habeas court held a hearing on October 21, 1999, at which appellant and two of his trial attorneys[1] testified. Citing *Henderson v. State*, 265 Ga. 317, 318 (454 SE2d 458) (1995), the habeas court made the following conclusion in its July 31, 2000, order denying habeas relief:

> Petitioner was informed of his right to an appeal and was aware of that right. He was aware that he needed to contact the indigent defense coordinator [to have appellate counsel

---

[1] At his murder trial, appellant was represented by attorneys Earl Jones, Phil Cannon, and Gerald Williams. At the time of the habeas proceedings, Mr. Jones was deceased, but Mr. Cannon and Mr. Williams testified at the hearing.

> appointed] and refused to do so. Petitioner's inaction has forfeited his statutory right to an appeal.

This Court dismissed appellant's application to appeal the habeas court's decision.[2]

In 2010, appellant filed the instant motion to file an out-of-time appeal, and a hearing was held on same. Upon considering the evidence presented at the hearing, the underlying trial record, and the habeas corpus record, the trial court denied the motion finding that after his conviction, appellant told his trial counsel he did not want any Dougherty County attorneys to represent him and that he and his family would seek representation from other counsel. As such, the trial court concluded appellant had waived his right to appeal through his own conduct.

Appellant contends his motion for an out-of-time appeal should have been granted because his trial attorneys' inaction caused him to be denied a direct appeal. This contention cannot be sustained. An out-of-time appeal is a judicially-created remedy for a frustrated right of appeal and is granted if the defendant shows he lost his right to a direct appeal through the error of counsel. *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003). If there is sufficient evidence to support a finding that the movant's conduct caused the loss of his direct appeal, then the movant is not entitled to an out-of-time appeal. Id. Indeed, the current state of the law is such that a criminal defendant does not have a state or federal constitutional right to appellate review. *Halbert v. Michigan*, 545 U. S. 605, 638 (125 SCt 2582, 162 LE2d 552) (2005) ("the Constitution guarantees no right to an appeal at all"); *Thomas v. State*, 260 Ga. 262, 263 (392 SE2d 520) (1990). Since the habeas court found that appellant had forfeited his right to appeal through his own inaction and the habeas court decided the issue of ineffective assistance of counsel adversely to appellant, he is now precluded under the doctrine of collateral estoppel from re-litigating the merits of the issue.[3] *Simmons v. State*, 276 Ga. at 527; *Hunter v. State*, 260 Ga. 762 (399 SE2d 921) (1991). Accordingly, the trial court did not err when it denied appellant's motion for out-of-time appeal. Id.

---

[2] *Sessions v. Gearinger*, No. S01H0081 (Nov. 14, 2000).

[3] In any event, there was sufficient evidence showing appellant forfeited his right to appeal through his own conduct as the record showed appellant told his trial attorneys within days of his conviction that he did not want Dougherty County attorneys working on his case and showed appellant made no effort to contact the indigent defense coordinator to facilitate the appointment of appellate counsel although one of appellant's trial counsel advised him to take such action immediately. See *Simmons v. State*, 276 Ga. at 526.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 20, 2013.

*Zell & Zell, Rodney S. Zell,* for appellant.
*Gregory W. Edwards, District Attorney, Matthew Breedon, Tracia M. King, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Rochelle W. Gordon, Assistant Attorney General,* for appellee.